FILED

LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH          898-0
MARGARET E. WARD    10580-0
586 Kanoelehua Avenue, Suite 200
Hilo, Hawai'i 96720
Telephone: 969-3302
Fax: 961-5599

2017 JUN 19 PH 3: 34

L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| TERRYANNE L. IRELAND, <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION, JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. __17-1-204K__ <br> (Other Non-Vehicle Tort) <br> (Kona) <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiff TERRYANNE L. IRELAND, by and through her attorneys, the Law

Offices of Ian L. Mattoch, for her claim against Defendants above-named, alleges and avers as

follows:

1.     At all times relevant herein, Plaintiff TERRYANNE L. IRELAND

("Plaintiff") was and is a resident of the County and State of Hawai'i.

I hereby certify that this is a full, true and correct
copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

EXHIBIT "A"

2.     At all times relevant herein, Defendant COSTCO WHOLESALE CORPORATION ("COSTCO") was and is a corporation doing business in the County and State of Hawai'i.

3.     At all times relevant herein, COSTCO owned, managed, maintained and/or otherwise controlled a warehouse store located at 73-5600 Maiau Street, Kailua-Kona, Hawai'i ("premises").

4.     Defendants JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 (hereinafter referred to as "Doe Defendants") are persons, corporations, partnerships, business entities, non-profit entities, and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to injuries and damages sustained by Plaintiff. Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiff has sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, and Plaintiff will substitute the true names, identities, capacities, acts and/or admissions of the Doe Defendants when the same are ascertained.

5.     Venue is proper with this Court in that all the acts and occurrences alleged herein took place within the District of North Kona in the County and State of Hawaii.

6.     On or about September 17, 2016, while Plaintiff was lawfully on COSTCO's premises, she slipped and fell on a chilled beverage on the floor of the inner retail

2

EXHIBIT "A"

corridor of said premises, injuring her right knee and right thumb.  The beverage made Plaintiff's

shirt and pant leg wet and cold.  Plaintiff learned later that she fractured her thumb.

       7.      Three individuals witnessed Plaintiff's fall: Keani Short (a minor), "Katie"

(a COSTCO employee), and two men who were visitors to Hawaii.  COSTCO employee "Katie"

is approximately 50 years old, five feet six inches tall, 135 pounds, wears glasses, and has light

brown hair.

       8.      COSTCO employee "Katie" was close enough to the beverage upon which

Plaintiff later slipped, that Katie quickly approached Plaintiff after her fall.

       9.      For approximately five minutes after her fall, Plaintiff stood at the location

where she slipped.  During that time, no COSTCO employee or agent returned to clean up the

beverage on the floor, place a hazard sign to warn others about the beverage on the floor, or

provide any hazard mitigation.

      10.     For approximately fifteen minutes, Plaintiff waited at the COSTCO

customer service area to report her fall.  COSTCO was short-staffed.  For approximately fifteen

minutes, Plaintiff waited while there were approximately five customers in front of her in line.

      11.     After the spilled beverage caused Plaintiff to fall, two additional witnesses

observed Plaintiff on the COSTCO premises experiencing symptoms from her fall: Debralynn

Vincent and Gary Allan Vincent (Plaintiff's brother; deceased October 7, 2016).

      12.     On or about September 18, 2016, Plaintiff called COSTCO to attempt to

report her fall a second time.  Plaintiff spoke with COSTCO employee named "Gina".  COSTCO

employee "Gina" emailed Plaintiff a blank injury report form.  At no time this time did

COSTCO represent to Plaintiff that she must immediately submit her injury report.

EXHIBIT "A"

13.     On or about September 23, 2016, Plaintiff had her first medical appointment for her injuries. This was the first appointment available to Plaintiff. Plaintiff submitted to an x-ray at Kaiser Permanente Kona Medical Office and learned the fall dislocated her right thumb.

14.     On or about September 23, 2016, Plaintiff hand delivered her executed injury report to COSTCO to follow-through with complying with COSTCO accident reporting protocols. Plaintiff asked to speak to COSTCO employee "Gina", who was not at work. Plaintiff spoke with COSTCO employee "Kathy", who stated that she "remembered" learning that Plaintiff had fallen. "Kathy" introduced herself as a COSTCO "Safety Director", and accepted the injury report.

15.     On or about September 27, 2016, Plaintiff had additional x-ray imaging of her right thumb. Plaintiff asked to speak with "Gina". Plaintiff was told that "Gina" was not available. Plaintiff asked to speak with a COSTCO supervisor.

16.     COSTCO employee "Ann Kimura" spoke with Plaintiff. COSTCO employee "Ann Kimura" looked for the accident report in a file cabinet, on a COSTCO desk, and asked other COSTSCO employees if they had seen where COSTCO had placed Plaintiff's injury report. COSTCO employee "Ann Kimura" told Plaintiff that she did not know where COSTCO had put the accident report. Ms. Kimura offered to try to look for and find Plaintiff's injury report and call Plaintiff. Plaintiff again provided her phone number to COSTCO. Neither Ms. Kimura, nor any other COSTCO employee, called Plaintiff to follow-up.

17.     On September 29, 2017, Plaintiff called COSTCO to again follow-through with complying with COSTCO accident reporting protocols. Plaintiff called COSTCO's store

EXHIBIT "A"

phone number, a land line.  Plaintiff asked to speak to COSTCO employees "Ann" or "Gina".

After Plaintiff stated her intent to follow up on her injury report, the COSTCO employee hung

up the phone on Plaintiff.

18.     On October 6, 2016, Plaintiff had musculoskeletal right thumb surgery.

## COUNT I

### (Premises Liability/General Negligence)

19.     Plaintiff re-alleges and incorporates by reference the allegations contained

in paragraphs one through 18 as though fully set forth herein.

20.     Plaintiff was reasonably anticipated to be on the COSTCO premises

during business hours.  Plaintiff is a member of the public who was accompanying her brother,

who had terminal cancer, and her brother's wife and child to COSTCO on the day she fell.

21.     A condition on the COSTCO property posed an unreasonable risk of harm.

A spilled beverage was on the COSTCO floor in a corridor for the public, close enough to

COSTCO employee "Katie" that she was instantaneously at Plaintiff's side after the accident.

For approximately five minutes after Plaintiff's fall, no COSTCO employee acted to remedy the

dangerous condition or warn about it.

22.     COSTCO knew or should have known of the unreasonable risk of harm.

COSTCO employee "Katie" was so close to the pre-existing spill that she immediately met

Plaintiff after she fell.  See Corbett v. Assn. of Apt. Owners of Wailua Bayview Apts., 70 Haw.

415, 772 P.2d 693 (1989).

23.     COSTCO had sufficient control over the premises to be able to take

reasonable steps to remove the unreasonable risk of harm or to give adequate warning of the risk.

5

EXHIBIT "A"

24.     As a direct and legal result of the negligence of Defendant COSTCO and/or COSTCO's employees, agents, partners, and/or co-venturers, Plaintiff suffered injuries, incurred medical and rehabilitative expenses, and experienced pain and suffering, loss of enjoyment of life, emotional distress, wage losses, and a diminution of her earnings capacity. Plaintiff may continue to incur medical expenses and future expenses associated with her injuries.

25.     COSTCO is vicariously liable for the negligence of its employees and/or agents acting within the course and scope of their employment.

## COUNT II

### (Premises Liability/Mode of Operation)

26.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through 25 as though fully set forth herein.

27.     COSTCO is one of the largest food and beverage retailers in the nation. Food and beverage retail sales, and free samples, attract customers to purchase COSTCO goods.

28.     COSTCO adopted a marketing method in which a dangerous condition was reasonably foreseeable by allowing customers to order beverages, or receive beverage samples, and proceed to walk around the premises with beverages knowing that spills are an ongoing occurrence.  See Moyle v. Y & Y Hyup Shin, Corp., 118 Haw. 385, 191 P.3d 1062, 1073-1074 [Mode of operation doctrine applies to " 'self-service' and 'big box' store slip and fall cases, as the convenience offered to customers through their ability to serve themselves, a marketing strategy, is also fraught with the danger of spills causing hazardous floor conditions."]

6

EXHIBIT "A"

29.    COSTCO failed to take reasonable action to discover and remove the
dangerous condition. COSTCO failed to take reasonable care to prevent injury for reasons
including, but not limited to, a COSTCO employee being instantly at Plaintiff's side when she
fell. If the employee was close enough to spot Plaintiff fall, she was close enough to remove the
dangerous condition. See Gump v. Wal-Mart Stores, Inc., 93 Haw. 428, 5 P. 3d 407, 409 (1999)
[Held: Kona Wal-Mart failed to take reasonable action to discover and remove dangerous
condition, a French fry in the retail clothing section, despite having a sign in the food section
asking customers to not bring food into the retail sales section, having some employees
patrolling the store looking for spills and hazards, all employees being trained to constantly look
for potential hazards.] The following facts support the allegation that COSTCO did not take
reasonable care before Plaintiff's fall: no COSTCO employee made an effort to warn others or
remove the dangerous condition for at least approximately five minutes after Plaintiff's fall;
COSTCO said it could not find Plaintiff's filed injury report anywhere; and COSTCO finally
hung up on Plaintiff when she called to ensure compliance with COSTCO injury reporting
protocol after a manager said she would call Plaintiff but never did. Plaintiff visited COSTCO
two times to report her fall and called two times to report her fall, and then was hung up on.

30.    Plaintiff, accordingly, may "recover without showing actual notice or
constructive knowledge of the specific instrumentality of the accident." Gump v. Wal-Mart
Stores, Inc., 93 Haw. 428, 5 P.3d 418, 432 (App.1999).

WHEREFORE, Plaintiff TERRYANNE L. IRELAND prays for judgment in
amounts in excess of the minimum jurisdictional requirements of this Court against the
defendants, jointly and severally, as follows:

7

EXHIBIT "A"

1.    General and special damages as to Plaintiff TERRYANNE L. IRELAND

in amounts proven at trial;

2.    Attorneys' fees, costs, and prejudgment interest; and

3.    Such other and further relief as the Court deems proper in the premises.

DATED: Hilo, Hawaii, June 14, 2017.


_Margaret E. Ward_

IAN L. MATTOCH
MARGARET E. WARD
Attorneys for Plaintiff
TERRYANNE L. IRELAND

8

EXHIBIT "A"

| STATE OF HAWAI'I CIRCUIT COURT OF THE THIRD CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER Civil No. |
|---|---|---|

| PLAINTIFF | vs. | DEFENDANT |
|---|---|---|
| TERRYANNE L. IRELAND | | COSTCO WHOLESALE CORPORATION, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 |

**PLAINTIFF'S ADDRESS AND TELEPHONE NUMBER**

IAN L. MATTOCH    898-0
MARGARET E. WARD  10580-0
Law Offices of Ian L. Mattoch
586 Kanoelehua Avenue, Suite 200
Hilo, Hawaii  96720
Telephone: 969-3302 / Fax: 961-5599

**TO THE ABOVE NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon
the Law Offices of Ian L. Mattoch                                              ,
plaintiff's attorney, whose address is
586 Kanoelehua Avenue, Suite 200, Hilo, Hawaii  96720
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED JUN 1 9 2017 | CLERK  L. KITAOKA (SEAL) | |
|---|---|---|

| **I do hereby certify that this is a full, true, and correct copy of the original on file in this office.** | CIRCUIT COURT CLERK | |
|---|---|---|

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office at PHONE NO. 961-7440, FAX 961-7416, or TTY 961-7525 at least ten (10) working days prior to your hearing or appointment date.

Reprographics (11/11)

SUMMONS TO ANSWER CIVIL COMPLAINT  3C-E-163

EXHIBIT "A"